## W. H. Grooms et al. v. Mary E. Lieurance, Adm'x, etc.

1. PROMISSORY NOTES—*Indorsements May be Shown to be Incorrect.*—In an action by an administratrix of a deceased person on a promissory note against the parties making and delivering the same to such deceased person in his lifetime, such parties may show that the indorsements on such note are incorrect.

2. VERDICTS—*To Be Set Aside When Against the Weight of the Evidence.*—Where a verdict is clearly contrary to the evidence it is the duty of the court to set it aside.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

C. A. McLAUGHLIN and GRIER & STEWART, attorneys for appellants.

JOHN B. BROWN, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this suit, brought before a justice, and tried in the Circuit Court on appeal, the administratrix of the estate of S. T. Lieurance, deceased, sought to recover upon a promissory note, payable to deceased, signed by the defendants, William H. and Samuel Grooms, dated September 1, 1891, due in twelve months, for $142, with interest at seven per cent per annum, on the back of which was indorsed a payment of $76.14 on September 11, 1895. There was a verdict and a judgment for $137.15, from which defendants appeal.

The defense was that in 1892 and 1895 defendant W. H. Grooms threshed oats and wheat for deceased, the compensation for which was to be applied on this note; that the work in 1892 was not indorsed at all, and the work in 1895 was indorsed for an insufficient amount. Whether it be called payment or set-off, we are of opinion that the clear preponderance of the proof established that defendants should have been allowed a very considerable sum as a defense against the note. Indeed, it can hardly be said there was any substantial proof to the contrary. The verdict was for nearly the amount due according to the face and back of the note. A new trial must therefore be awarded. Reversed and remanded.